UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**FILED ELECTRONICALLY**

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ) ) ) | |
| and | ) ) | |
| LARRY SWERDLOFF | ) ) | |
| PLAINTIFFS | ) ) | CASE NO. 2:14-CV-0132-WOB-JGW |
| v. | ) ) | |
| NORCOLD, INC. | ) ) | |
| DEFENDANT | ) | |

\*   \*   \*   \*

**NORCOLD INC.'S NOTICE OF CONSENT TO CERTIFY
QUESTION TO THE KENTUCKY SUPREME COURT**

Defendant Norcold, Inc. ("Norcold"), by counsel and in response to the Court's

order (see R. 22, Order), states that the Court should certify the question presented in

Norcold's 28 U.S.C. § 1292(b) motion for interlocutory appeal to the Kentucky Supreme

Court.

A.      The Court Has the Authority to Certify the Question

The Court has the authority to certify a question to the Kentucky Supreme Court.

*See Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995); *Am.

Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443, 444 (6th Cir. 2009); Ky.

Civil Rule 76.37(1). "The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Transamerica*, 50 F.3d at 372. The Court may certify a question *sua sponte*, even without consent from the parties. *See Strickland*, 560 F.3d at 444; *Am. Booksellers Found. for Free Expression v. Strickland*, 601 F.3d 622, 625-26 (6th Cir. 2010). Kentucky Civil Rule 76.37(1) provides a mechanism for the Court to certify a question to the Kentucky Supreme Court and even allows certification after the Court enters a judgment. Therefore, the Court is on firm footing if it chooses to certify the issue in this case to the Kentucky Supreme Court.

B.      The Court Should Certify the Question

The question presented is whether Kentucky's economic loss doctrine applies to consumer transactions. The Court is required to follow the substantive law of Kentucky on this issue. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). (See also R. 16, Op. & Order, Page ID# 108). The Kentucky Supreme Court specifically declined to decide this issue in *Giddings & Lewis, Inc. v. Industrial Risk Insurers*, 348 S.W.3d 729, 737 n.5 (Ky. 2011). Accordingly, the Kentucky Supreme Court has not set "a reasonably clear and principled course" for the Court to follow to conclusively resolve the issue. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 610 (6th Cir. 2012).

"[T]he certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica*, 50 F.3d at 372. Because the question before the court is new and clearly unsettled it is appropriate to certify it to the Kentucky Supreme Court. *Id.* The Kentucky Supreme Court's ruling "may be determinative" of the outcome of this case. Kentucky Civil Rule 76.37(1). Therefore, the Court should certify

2

the question to the Kentucky Supreme Court so that the issue can be conclusively resolved.

A proposed order that complies with the requirements of Kentucky Civil Rule 76.37(3) for a certification order to the Kentucky Supreme Court is attached for the Court's convenience.

Respectfully submitted,

/s/ David T. Schaefer
David T. Schaefer
Ryan A. Morrison
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 581-8000
david.schaefer@dinsmore.com
ryan.morrison@dinsmore.com
*Counsel for Defendant, Norcold, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was this 10th day of April, 2015 electronically filed through the CM/ECF system and a copy served via the Court's CM/ECF system upon:

Kenneth E. Dunn
Robert E. Barnett
Barnett, Porter & Dunn
Lakeview Building, Ste. 401
100 Mallard Creek Road
Louisville, KY 40207
*Counsel for Plaintiffs*

/s/ David T. Schaefer
David T. Schaefer