**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 2014-132 (WOB-JGW)

STATE FARM MUTUAL
AUTOMOBILE INS. CO.,
ET AL.                                              PLAINTIFFS

VS.                          <u>MEMORANDUM OPINION AND ORDER</u>

NORCOLD, INC., ET AL                                DEFENDANTS


This matter is before the Court on State Farm and Swerdloff's motion for summary judgment (Doc. 28) and Norcold's motion for leave to file a surreply (Doc. 33). The Court has reviewed this matter and concludes that oral argument is unnecessary.

### *Factual and Procedural Background*

The facts of this case have been set forth in this Court's prior opinion. *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 89 F. Supp.3d 922, 927 (E.D. Ky. 2015).

In brief, plaintiff Larry Swerdloff owned an RV which was insured by plaintiff State Farm Mutual Automobile Insurance Company. The RV was destroyed on September 20, 2013, by a fire allegedly caused by a refrigerator in the RV which was manufactured by defendant Norcold, Inc. The RV and its contents

were a total loss.  State Farm paid Swerdloff $145,193.20 for the loss of the RV.

Swerdloff and State Farm brought suit in state court and the case was removed to this Court on July 15, 2014.  Norcold subsequently moved for partial summary judgment on the basis that Swerdloff's claim for the value of the RV was barred by the "economic loss rule" ("ELR").

On March 4, 2105, this Court issued an Opinion and Order rejecting Norcold's argument and predicting that the Supreme Court of Kentucky would not apply the ELR to consumer transactions.  *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 89 F. Supp.3d 922, 927 (E.D. Ky. 2015).

Thereafter, the Court declined to permit an interlocutory appeal and also declined to certify the issue to the Supreme Court of Kentucky.  (Doc. 25).

In order to expedite this case, Norcold has now admitted liability for the property damage caused by the fire, subject to its right to appeal the Court's ruling on the ELR.  (Doc. 26) Specifically, this admission states: "Defendant Norcold, Inc. ("Norcold") hereby admits it would be liable for all property damage caused by the subject fire if the economic loss rule does not apply."  *Id.* at 1.  Norcold further stipulated that State Farm properly paid the amount of $145,193.20 for the total loss

2

of the RV, and that State Farm would be entitled to recover that amount if the ELR does not apply. *Id.* Norcold denies that Swerdloff is entitled to recover consequential damages. *Id.* at 2.

The parties also entered into a "Joint Stipulation Regarding Damages Claim of Plaintiff Larry Swerdloff." (Doc. 27). The parties stipulated as follows:

- Swerdloff sustained the loss of personal property inside the RV in the amount of $18,320.06, and Norcold agrees that Swerdloff is entitled to recover that amount;

- Swerdloff incurred expenses of $1,744.21 to return home to Florida from Kentucky after the fire, and Norcold agrees that these expenses were reasonable and necessary but denies that they are recoverable if the ELR applies;

- Swerdloff purchased a replacement RV approximately five or six months after the fire. In the interim, Swerdloff did not rent an RV or otherwise pay to use an RV on a temporary basis. If he had rented an RV during the period of time he was without one due to the fire, the reasonable cost to rent a comparable RV would have been $2,500 per week. Such loss of use value would be $25,000 ($2,500 times ten weeks), but Norcold denies that Swerdloff is entitled to any damages for loss of use.

State Farm and Swerdloff have now filed a motion for summary judgment addressing three remaining issues for the Court to resolve so it can then enter final judgment, allowing Norcold to appeal.

3

*Analysis*

### A. Negligent Service or Repair

In addition to the product liability claim asserted in this action, plaintiffs also asserted a claim for negligence based on Norcold's implementation and oversight of the Norcold refrigerator recall and repair program. (Complaint ¶¶ 20-22) That recall occurred in February 2011, almost a year after the three-year warranty on the refrigerator expired and several months before Swerdloff purchased the RV from its first owner.

In its March 4, 2015 opinion, this Court did not address the question of whether, if the ELR did apply to consumer transactions in Kentucky, it would also extend to post-warranty negligence claims based on service and repair activities. The parties now ask the Court to address this question so that the Sixth Circuit can consider it when Norcold appeals.

This Court previously discussed the relevant policies that underlie the ELR: maintaining the distinction between contract and tort law; protecting parties' freedom to allocate economic risk by contract; and encouraging the purchaser to insure against the risk of economic loss. *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 89 F. Supp.3d 922, 927 (E.D. Ky. 2015) (citing *Giddings & Lewis, Inc. v. Ind. Risk Insurers*, 348 S.W.3d

4

729, 739 (Ky. 2011)). These policies would not seem to be implicated by a claim for damages based on services performed on a product after any warranty has expired, when there is no contract in effect governing the seller's liability for damage to the product.

Indeed, federal courts in Kentucky have held — including one decision issued after this Court's March 4, 2015 opinion — that the ELR does not apply to the provision of services or service contracts. *See NS Transp. Brokerage Corp. v. Louisville Sealcoat Ventures, LLC*, Civil Action No. 3:12-CV-00766-JHM, 2015 WL 1020598, at *5 (W.D. Ky. Mar. 9, 2015); *Louisville Gas and Elec. Co. v. Continental Field Sys., Inc.*, 420 F. Supp.2d 764, 769-70 (W.D. Ky. 2005).

In *NS Transportation*, the Court noted that the Restatement (Third) of Torts, Product Liability, specifically states that "[s]ervices, even when provided commercially, are not products." *NS Transportation*, 2015 WL 1020598, at *3 n.2. *See also Nami Res. Co., LLC v. Asher Land and Mineral, Ltd.*, No. 2012-CA-000762-MR, No. 2012-CA-001438-MR, No. 2012-CA-001439-MR, 2015 WL 4776376 (Ky. Ct. App. Sept. 4, 2015) ("[W]e are of the opinion that Kentucky law does not extend the economic loss rule beyond the realm of *commercial* product sales . . .") (emphasis added).

Norcold cites two cases from other Circuits that hold that post-sale negligence claims are not excepted from the ELR, but these cases are not binding on this Court, which must predict what the Supreme Court of Kentucky would do. *See Turbomeca, S.A. v. ERA Helicopters LLC*, 536 F.3d 351, 357 (5th Cir. 2008) (claim of negligence for a post-sale failure to warn of a pre-sale product defect barred by ELR under Texas law); *Sea-Land Serv., Inc. v. Gen. Elec. Co.*, 134 F.3d 149, 156 (3rd Cir. 1998) (claim for negligent repair barred by ELR where only damage was to product itself).

Therefore, the Court holds that even if the ELR were to apply in the sale of consumer products in Kentucky, it would not bar a post-warranty claim of negligent repair.

### A. Prejudgment Interest

"The longstanding rule in [Kentucky] is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enter. Contracting Corp. v. Louisville and Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991)).

Liquidated claims are "of such a nature that the amount is capable of ascertainment by mere computation, can be established

6

with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards or value, or can be determined by reference to well-established market values." *Id.* (citing 22 Am.Jur.2d DAMAGES § 469 (2004)). In determining if a claim is liquidated or unliquidated, the Court must look at the nature of the underlying claim, not the final award. *Id.*

Norcold concedes that Swerdloff is entitled to prejudgment interest on the value of his lost personal property at the applicable statutory rate of 8%. *See* KRS 360.010.

However, Norcold argues that plaintiffs are not entitled to prejudgment interest on the other elements of their damages because Norcold disputed its liability for those claims. There is some case law to support this argument. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) ("Interest should not be required except for a claim which is for a liquidated amount, and which is not disputed in good faith."); *Barnett v. Hamilton Mut. Ins. Co. of Cincinnati, Ohio*, No. 2009-CA-002234-MR, 2011 WL 43307, at *4 (Ky. Ct. App. Jan. 7, 2011) ("[I]t appears that if damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law."); *Denzik v. Denzik*, No. 2004-CA-000944, 2006 WL 3107110, at *3 (Ky. Ct. App. Nov. 3, 2006) (same); *Owensboro Mercy Health Sys. V. Payne*, 24 S.W.3d 675, 679 (Ky. Ct. App. 1999) (same).

However, the *Wittmer* Court cited no authority for its somewhat off-the-cuff statement, for which it gave no explanation. In fact, the highest court in Kentucky had held as early as 1890 that a dispute as to the merits of a claim for money due under a contract did not negate the successful plaintiff's right to prejudgment interest. *See City of Louisville v. Henderson' Trustee*, 13 S.W. 111, 113 (Ky. 1890). The Court reaffirmed in 1968 that a claim which qualifies as "liquidated" may "not be rendered 'unliquidated' by virtue of a good-faith denial of liability." *Shanklin v. Townsend*, 434 S.W.2d 655, 656 (Ky. 1968) (citing *Henderson's Trustee*, 13 S.W. at 113).

Relying on *Shanklin*, the Sixth Circuit has at least twice held that the right to prejudgment interest on a liquidated claim under Kentucky law is not altered by a good faith denial of liability. *See Hale v. Life Ins. Co. of N. Am.*, 795 F.2d 22, 24 (6th Cir. 1986); *W K Contracting Co., Inc.*, 478 F.2d 1046, 1049 (6th Cir. 1973). Federal District Courts in Kentucky, as well as the Court of Appeals of Kentucky, have followed suit, citing to both *Shanklin* and *Hale*. *See Meridian Citizens Mut. Ins. Co. v. Horton*, Civil Action No. 5:08-CV-302-KKC, 2010 WL 1253084, at *9 (E.D. Ky. Mar. 25, 2010) ("The character of the damages is not affected by a dispute over liability, as a

8

liquidated claims 'may not be rendered 'unliquidated' by virtue of a good-faith denial of liability) (citing *Shanklin*, 434 S.W.2d at 656)); *G.D. Deal Holdings, Inc. v. Cincinnati Ins. Co.*, No. 1:05CV-3-R, 2007 WL 3306109, at *2 (W.D. Ky. Nov. 6, 2007) (same); *Bradley v. Louisville Commc'ns, L.L.C.*, Civil Action No. 3:05CV-734-H, 2006 WL 2620183, at *4 (W.D. Ky. Sept. 11, 2006) ("The claim is liquidated if the amount of it is certain, even where, as here, the Company may have a meritorious basis for denying payment or appealing."); *Rawlings v. Breit*, Nos. 2003-CA-002785-MR, 2004-CA-000017-MR, 2004-CA-000030-MR, 2005 WL 1415356, at *7 (Ky. Ct. App. June 17, 2005) (same, citing *Hale*); *Cooper v. Hubbard*, 703 S.W.2d 494, 497 (Ky. Ct. App. 1986) (same, citing *Shanklin*).

Therefore, it appears that the great weight of authority, and long-standing precedent from Kentucky's highest court, teaches that a denial of liability will not affect the right to prejudgment interest on a liquidated claim.

Plaintiff states that the first three categories of damages herein — the value of the RV, the value of Swerdloff's personal property lost in the fire, and Swerdloff's travel expenses — became liquidated by October 18, 2013, approximately four weeks after the fire. It was also on that date that State Farm paid Swerdloff the value of the RV. Norcold does not dispute that

these amounts are liquidated or that October 18, 2013 is an appropriate date from which to calculate an interest award.

Therefore, the Court holds that plaintiff State Farm is entitled to prejudgment interest on the amount it paid Swerdloff for the value of the RV, and plaintiff Swerdloff is entitled to interest on the value of his personal property and his travel expenses. Interest should run from October 13, 2013 to the date of entry of a final judgment herein.

Finally, as will be discussed next, Swerdloff is not entitled to loss of use damages, so the issue of prejudgment interest on that damages component is moot.

### B. Loss of Use Damages

Plaintiff Swerdloff asserts that he is entitled to "loss of use" damages under KRS 304.39-115, which states:

> Loss of use of a motor vehicle, regardless of the type of use, shall be recognized as an element of damage in any property damage liability claim. Such a claim for loss of use of a motor vehicle shall be limited to reasonable and necessary expenses for the time necessary to repair or replace the motor vehicle.

This statute, enacted in 1988, altered the common law that had held that recovery for loss of use of a motor vehicle was limited to vehicles used for a commercial purpose and that such damages were not available for time needed to replace a vehicle damaged beyond repair but only for time needed to repair a

10

damaged vehicle. *Am. Premier Ins. Co. v. McBride*, 159 S.W.3d 342, 348 (Ky. Ct. App. 2004).

Swerdloff argues that he is entitled to loss of use damages even though he did not actually rent another RV during the period of time in question. There does not appear to be any case law in Kentucky decided after the enactment of this statute that addresses this issue, and cases from other states appear to reach a variety of conclusions on this issue. *See* C.C. Marvel, Annotation, *Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed*, 18 A.L.R. 3d 497 (1968) (collecting cases).

However, there is pre-enactment authority that supports Swerdloff's position. *See Pope's Adm'r v. Terrill*, 214 S.W.2d 276, 278 (Ky. 1948) (noting that it is generally held that the vehicle owner's failure to rent replacement vehicle during repair period does not preclude recovery for loss of use); *Chesapeake & Ohio Ry. Co. v. Boren*, 259 S.W.711, 715 (Ky. 1924) (jury was permitted to award plaintiff some amount for loss of use of vehicle even though she did not procure another vehicle during time in question).

The problem for Swerdloff, however, as Norcold points out, is that the plain language of this statute limits recovery to "reasonable *and necessary* expenses." Here — presumably because the RV was not Swerdloff's only residence or vehicle — it was

11

not "necessary" for him to rent a replacement RV to use until he could purchase a new one.

The legislature's inclusion of the word "necessary" makes sense given that one purpose of the statute was to allow loss of use compensation where the vehicle had been damaged beyond repair, thereby necessitating replacement. *Am. Premier Ins.*, 159 S.W.3d at 348. Had the legislature intended otherwise, it easily could have omitted the word "necessary."

Therefore, because the plain language requires that any loss of use expense be "necessary," and by definition Swerdloff had no "necessary" expense because he incurred none, he is not entitled to damages under this statute.

Therefore, having reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that:

(1) State Farm and Swerdloff's motion for summary judgment (Doc. 28) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with the above discussion;

(2) Norcold's motion for leave to file a surreply (Doc. 33) be, and is hereby, **GRANTED**; and

(3) The parties shall confer and file a proposed judgment that conforms to their stipulations and this Memorandum Opinion

and Order **on or before November 20, 2015**.  The Court notes that by so conferring, Norcold does not waive any rights on the issues it wishes to appeal.

This 6th day of November, 2015.



Signed By:

*William O. Bertelsman*

United States District Judge